UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LUKE RICHEY and JENNIFER
RICHEY,

          Plaintiffs,

    vs.

METAXPERT, LLC; PLAYXPERT,
LLC; and CHARLES MANNING and
KIMBERLY MANNING,

          Defendants.
_____

METAXPERT, LLC; and
PLAYXPERT, LLC,

          Counterclaimants,

    vs.

AARON LUKE RICHEY and
JENNIFER RICHEY; and GRAVITY
JACK, INC.,

          Counterdefendants.

NO.  CV-10-0020-LRS

**ORDER ON
DEFENDANTS/COUNTERCLAIMANTS'
MOTION FOR TEMPORARY RESTRAINING
ORDER**

    THIS MATTER came on for telephonic oral argument on April 9,

2010, upon Defendants/Counterclaimants' Motion For Temporary

Restraining Order (Ct. Rec. 9).  The Court heard oral argument,

reviewed the written submissions in support of and in opposition to

said Motion, as well as the other files and records of the Court in

ORDER - 1

this matter and **GRANTS in part and DENIES in part**
Defendants/Counterclaimants' Motion For Temporary Restraining Order,
**Ct. Rec. 9**.  Being fully advised, the Court finds as follows:

## I.   FINDINGS

1.    Plaintiff/Counterdefendant Luke Richey ("Richey") and
Defendant/ Counterclaimants MetaXpert, LLC and PlayXpert, L.L.C.
(collectively "MetaXpert") entered into an Employment Agreement and a
Confidentiality, Invention Assignment, and Non-Competition Agreement
on November 20, 2007.  Richey disputes whether the agreements are
enforceable.

2.    The Employment Agreement contains, without limitation, 1) a
Covenant Not to Solicit Customers; 2) a Covenant Not to Interfere with
Customers or Others; 3) a Covenant Not to Compete; 4) a
Confidentiality and Nondisclosure Clause; 5) a clause defining
Richey's rights and access to MetaXpert's Confidential Information;
and 6) a clause setting forth Richey's Post-Employment Obligations.

3.    The Employment Agreement also states, in part:
If Company or Employee terminates this Agreement for any reason
(whether or not for Cause) pursuant to Section 10.A at any time during
the first two years following the commencement date of this Agreement,
so long as Employee signs a release containing the terms noted below,
the Company agrees to transfer to Employee the account with
Rent-a-Coder.  Following termination, Employee may conduct business
with Rent-a-Coder and such activity shall not be deemed to be a
violation of the Confidentiality, Invention Assignment and
Non-Competition Agreement attached hereto as Exhibit A.  Company also

ORDER - 2

agrees that it will not solicit the business of Rent-a-Coder for a period of two years following termination.

4. Based on the current state of the record, Richey's employment with MetaXpert appears to have been terminated some time during the month of October 2009.

5. Richey is doing business as a software developer, under the name of Gravity Jack.

6. The following individuals were formerly employed by MetaXpert and are now employees or agents of Richey and/or Gravity Jack and/or working as independent contractors for or on behalf of Richey and/or Gravity Jack:  Aaron Lennon, Allen Greaves, Adam Chronister, Casey Davis, Terry Hoy, Ian Davis and Alex Korchemniy.

7. Gravity Jack's website has, at various times, displayed testimonials or other information concerning products and/or technology that have been, at least in part, developed by or on behalf of MetaXpert.

8. Although in dispute, based on the current state of the record, Richey, Gravity Jack, its officers, agents, servants, employees, assigns, successors, and/or all other persons in active concert, combination, or participation with them, appear to have possession of property, including confidential and proprietary information, belonging to MetaXpert.

9. The evidence is conflicting and incomplete as to the date of termination of Richey's employment by MetaXpert, and the current ownership of the original RentACoder account issued to Tometa Software, Inc.  These factual issues are appropriately resolved by the

ORDER - 3

finder of fact upon further hearing or trial.

　　10.　The evidence is conflicting and incomplete as to the definition of "computer gaming industry" and the scope and applicability of the non-compete provision of the Employment Agreement.　These factual issues are appropriately resolved by the finder of fact upon further hearing or trial.

## II.　CONCLUSIONS OF LAW

　　1.　This Court has jurisdiction over the parties.

　　2.　Venue is proper in this Court.

　　3.　MetaXpert is likely to demonstrate at trial that Richey entered into an Employment Agreement and a Confidentiality, Invention Assignment and Non-Competition Agreement with MetaXpert (hereinafter "Employment Agreement and Non-Competition Agreement").

　　4.　MetaXpert is likely to demonstrate at trial that solicitation of and/or interference with MetaXpert's customers, suppliers, or vendors by Richey and/or Gravity Jack, to the extent this conduct occurred or may occur, is a violation of the Employment Agreement and Non-Competition Agreement entered into by Richey and is likely to result in irreparable injury to MetaXpert, and the balance of the equities on this issue tilts in favor of MetaXpert.

　　5.　MetaXpert is likely to demonstrate at trial that solicitation of and/or interference with MetaXpert's employees by Richey and/or Gravity Jack, to the extent this conduct occurred or may occur, is a violation of the Employment Agreement and Non-Competition Agreement signed by Richey and is likely to result in irreparable injury to MetaXpert, and the balance of the equities on this issue tilts in

ORDER - 4

favor of MetaXpert.

6. MetaXpert is likely to demonstrate at trial that use of or retention by Richey and/or Gravity Jack or individuals employed by them or working on behalf of them of any confidential and/or proprietary information belonging to MetaXpert, to the extent this conduct occurred or may occur, is a violation of the Employment Agreement and Non-Competition Agreement signed by Richey and is likely to result in irreparable injury to MetaXpert, and the balance of the equities on this issue tilts in favor of MetaXpert.

7. MetaXpert is likely to demonstrate at trial that display by Richey and/or Gravity Jack on any internet website of testimonials or other information concerning products and/or technology that was developed by or on behalf of MetaXpert during the period of Richey's employment by MetaXpert, to the extent this conduct occurred or may occur, is likely to result in irreparable injury to MetaXpert, and the balance of the equities on this issue tilts in favor of MetaXpert.

8. MetaXpert has not established it is likely to demonstrate at trial that the date of termination of Richey's employment was after November 20, 2009, and that MetaXpert is entitled to current ownership of the original RentACoder account issued to Tometa Software, Inc. The balance of the equities on this issue tilts in favor of Richey.

9. MetaXpert has not established it is likely to demonstrate at trial that the definition of the term "computer gaming business" includes the type of work currently being done by Richey and/or Gravity Jack. The balance of the equities on this issue tilts in favor of Richey.

ORDER - 5

**III.   ORDER**

Richey, Gravity Jack, their officers, agents, servants,
employees, attorneys, and other persons who are in active concert or
participation with them, are hereby restrained from the following:

1.   Directly or indirectly soliciting, diverting, taking away,
or attempting to solicit, divert or take away any customer of
MetaXpert.

2.   Directly or indirectly, personally or through others entice,
solicit or encourage any Customer identified in Ct. Rec. 15-1 or
prospective Customers of MetaXpert reasonably known to Richey, to (a)
cease doing business with MetaXpert; (b) reduce any relationship with
MetaXpert; (c) refrain from continuing, establishing or expanding a
relationship with MetaXpert; or (d) alter the terms of any
relationship with MetaXpert in a manner unfavorable to MetaXpert.

3.   Soliciting any employee of MetaXpert to leave his or her
employment with MetaXpert in order to work for or on behalf of Richey
and/or Gravity Jack.

4.   Displaying any testimonials or other information concerning
clients of MetaXpert, and displaying animations, images, applications,
advertisements and other products and/or technology that was developed
by or on behalf of MetaXpert, on any internet website maintained by or
on behalf of Richey and/or Gravity Jack.

5.   Refrain from copying, transferring, using or disclosing to
any other person or entity and must return to MetaXpert any
confidential or proprietary information or property (including emails)
removed from or obtained from MetaXpert.

ORDER - 6

6.    Gravity Jack and Luke Richey shall make its computers, data systems, mail servers, and electronically stored information available for non-damaging, minimally intrusive backup through the creation of a forensic mirror image by an independent third-party on or before April 28, 2010.  This provision includes Luke Richey's home network, server, computers and electronically stored information, to the extent these items exist.  This provision also includes the personal laptop computers of Gravity Jack's employees, if those laptop computers are ever used for work at or on behalf of Gravity Jack.

7.    Except as otherwise set forth in paragraph 6 of Section III, Gravity Jack and Richey shall return to MetaXpert all of MetaXpert's documents, information, property electronic files, emails, computer databases, equipment, and any other materials or information within their possession, custody, control, or access on or before May 15, 2010.

8.    The cost of creating the forensic mirror images shall be split equally by the Counterdefendants and Counterclaimants.  Any forensic analysis that is performed on the mirror images shall be born separately by the requesting party.

9.    On or before April 23, 2010, Gravity Jack and Luke Richey shall produce a list of their present and past customers.

**IT IS FURTHER ORDERED** as follows:

10.    If not done earlier, Richey shall provide a declaration setting forth the disposition of the laptop computer he used during his employment with MetaXpert, as well as the data and files stored thereon at the time his employment with MetaXpert was terminated.

ORDER - 7

11.    All parties, including their principals, officers, and employees, shall refrain from destroying, deleting, or disposing of any information or documents, and shall preserve all non-electronic and electronic documents and files that mention, refer to, or are derived from the business conducted by any of the parties, except that back-up tapes used on rotation need not be preserved so long as there are no deletions from the system that is being backed-up.

12.    This order is conditioned upon MetaXpert first providing a bond in the amount of $3,000.00 (cash or surety) as security for issuance of this temporary restraining order.


**IT IS SO ORDERED**.    The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 20TH day of April, 2010.


*S/ Lonny R. Suko*
_____

LONNY R. SUKO

CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 8