UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUKE RICHEY and JENNIFER RICHEY, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>METAXPERT, LLC a Washington limited liability company; et al.,<br><br>    Defendants.<br>METAXPERT, LLC and PLAYXPERT, LLC,<br><br>    Counterclaimants,<br><br>vs.<br><br>LUKE RICHEY and JENNIFER RICHEY, husband and wife; et al.,<br><br>    Counterdefendants | NO. CV-10-00020-LRS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**BEFORE THE COURT** is Plaintiffs' Motion for Partial Summary Judgment (ECF No. 172). The motion is heard without oral argument.

**I. BACKGROUND**

Plaintiff Luke Richey was employed by MetaXpert from November 20, 2007, until his termination sometime in October 2009. Plantiffs' allegations pertinent to this Motion for Partial Summary Judgment are: (1) Defendants owe Plaintiffs $56,534.70 in unpaid wages, (2)

PARTIAL SUMMARY JUDGMENT ORDER ~ 1

Defendants owe Plaintiffs an undetermined amount for health insurance benefits not paid in violation of the employment agreement, (3) Defendants owe Plaintiffs $48,000 in severance payment as per the employment agreement between Richey and MetaXpert, (4) Plaintiffs are entitled to collect attorney's fees under RCW 49.48.030, (5) Plaintiffs are entitled to double damages, attorney's fees, and costs under RCW 49.52.070, and (6) any damages granted to Plaintiff under Washington wage laws may not be set-off by Defendants' counterclaims.

## II. SUMMARY JUDGMENT

A party is entitled to summary judgment when, considering all inferences drawn from the underlying facts in the light most favorable to the non-moving party, there is no genuine issue of material fact that might affect the outcome of the claim at trial. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.C. 993 (1962); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). The evidence must be such that no reasonable trier of fact could return a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried this burden, however, the opposing party "must do more than simply show some metaphysical doubt as to the material facts." *Id.* The opposing party must designate specific facts beyond the pleadings that establish a genuine issue of fact for trial. *Celotex Corp. V. Catrett*, 477 U.S. 317, 324-25, 106 S.Ct. 2548 (1986).

## III. DISCUSSION

*A. Overview*

There is no evidence to suggest any genuine issues of material fact regarding the claims of unpaid wages; Mr. Richey is owed $56,534.70 in unpaid wages. Whether Mr. Richey is owed the value of health benefits under the terms of his employment contract will depend on whether any other employees received benefits during the period he did not. This is not undisputably established by the record in its current state and remains an issue of fact to be determined at trial. The employment contract between Mr. Richey and MetaXpert makes clear that if he were terminated within two years of the commencement of his employment he would be entitled to three months pay and benefits. There remains, however, a factual dispute regarding whether Mr. Richey was terminated within two years of the beginning of his employment, and this claim cannot be decided on summary judgment. Under RCW 49.48.030 a court must grant a plaintiff who is successful in recovering unpaid wages under RCW 49.48.010 attorney's fees against the Defendants. Accordingly, Plaintiffs must be granted attorney's fees based on the facts before the court. Under RCW 49.52.070 exemplary damages may be available to a Plaintiff where the Plaintiff's employer "willfully" withheld wages the employer was obligated to pay. Here there remains a genuine issue of material fact regarding whether MetaXpert or Mr. Manning willfully withheld wages they were obligated to pay Mr. Richey.

Defendants' counterclaims are allowable and, if proven, may be set-off from any amount granted Plaintiffs on summary judgment for

claims made under RCW 49.48.010. There is presently no Washington case law addressing the particular issue whether claims made under this statute can be set-off by an employer's counterclaims. Washington's Minimum Wage Act (MWA) is based on the federal Fair Labor Standards Act (FLSA) and where state law is lacking, the court may consider interpretations of the FLSA as guidance. Federal courts have been reluctant to allow employer counterclaims in FLSA minimum wage and overtime cases, especially if the result of the set-off could effectively reduce the employee's wages below levels required under the act. RCW 49.48.010, however, is not based on the FLSA and does not expressly or implicitly preclude employer counterclaims. No authority suggests that an employer cannot make legitimate counterclaims against an employee who is owed unpaid wages and have the value of those claims, if proven, set-off from the amount owed the employee. Protecting employee claimants against certain counterclaims in minimum wage and overtime contexts is intended to protect an employee's right to statutorily guaranteed minimum compensation; there is no policy basis for precluding counterclaims in other employment cases where there is no risk of a plaintiff's wage compensation falling below minimum required levels.

*B. Unpaid Wages*

There is no evidence in the record to suggest a genuine issue of material fact regarding wages owed Luke Richey under RCW 49.48.010. Mr. Richey is owed $56,534.70 in unpaid wages.

RCW 49.48.010 provides, in pertinent part:

PARTIAL SUMMARY JUDGMENT ORDER ~ 4

> When any employee shall cease to work for employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period. . . . **PROVIDED FURTHER**, That the duty to pay an employee forthwith shall not apply if the labor-management agreement under which the employee has been employed provides otherwise.

RCW 49.48.010 (2011). It is also unlawful for an employer to withhold wages from an employee except as required by law, where specifically agreed upon by the employee and employer, or for certain medical purposes. *Id.* An agreement to temporarily withhold wages does not relieve an employer from the ultimate responsibility of paying the employee the full amount owed under contract. *Durand v. HIMC Corp.*, 151 Wn. App. 818, 837, 214 P.3d 189 (Div. 2, 2009) (holding, in part, that employee who voluntarily deferred wages "until the companies were in better financial circumstances" was owed all unpaid wages after his termination).

Defendants admit to owing as much as $56,534.70. ECF No. 190, at 15). This number is well documented elsewhere in the record. For example, the evidence indicates that Mr. Manning admits that the amount of compensation that he agreed to defer until cash flow problems improved "is no greater that $56,534.70." ECF No. 190, at 16. Mr. Manning acknowledged it was his intention to pay Mr. Richey the "back wages" MetaXpert admittedly owed:

> **Mr. Richey wrote on 10/28/09:**
> Charles when will I be getting my current and back wages owed? I need to get my paychecks or at least some of them soon. I honestly don't want to go to Labor and Industries and put you in a bad spot. I forigive [sic] you for what you have done and are doing but it doesn't change the need to get my wages paid. Can you give me some insight into what your plan is here?

PARTIAL SUMMARY JUDGMENT ORDER ~ 5

**Mr. Manning wrote in response on 10/28/09:**

Luke-

Its my intention to pay you what the company owes you in as timely a manner as we are able.  As you know, cash flow has been extremely limited this month. My goal is to have you included in this next payroll cycle.

ECF No. 279, Exh. b. Additionally there is deposition testimony from Evette Neddo that Mr. Richey was owed $56,534.70, which appeared on the Quick Books used for MetaXpert's accounting purposes.  ECF No. 173-2.

Defendants claim, however, that this money was in fact a loan, which Mr. Richey agreed to have repaid only when MetaXpert's cash flow improved. The wages withheld from Mr. Richey were tracked in a QuickBooks file titled "loan," but there is no further evidence to suggest that either party actually considered it to be a loan or that it was in any legal sense a loan. Charles Manning himself refers to the $56.534.70 as "deferred compensation." ECF No. 191, at 4. Simply tracking deferred compensation in a file titled "loan" does not make it so. The withheld money was wages for the purposes of RCW 49.48.010 and was due Mr. Richey at the end of the pay period immediately following his termination.

There is a dispute regarding whether Mr. Richey voluntarily agreed to have wages withheld, but this dispute is immaterial. ECF No. 190, 4. There is no evidence on the record that any agreement to defer compensation while MetaXpert was experiencing cash flow problems included a provision that Mr. Richey would not be payed the wages owed him even if he were terminated. Indeed, by the language of RCW 49.48.010, even such an agreement would not be binding unless it were express in the employment contract between Mr. Richey and MetaXpert.

PARTIAL SUMMARY JUDGMENT ORDER ~ 6

That Mr. Richey may have voluntarily had his wages deferred does not excuse Defendants' obligation to pay him any unpaid wages at termination.

   *C. Health Insurance Benefits*

   The court cannot establish as a matter of law that Mr. Richey is owed the value of unpaid health insurance benefits. Clause 5 of the employment agreement between Luke Richey and MetaXpert provides that Mr. Richey was "entitled to participate in any and all employee welfare and health benefit plans." ECF No. 1, at 18. The agreement further provides:

> Nothing herein shall be construed as requiring Company to establish or continue any particular benefit plan in discharge of its obligations under this Agreement, provided, however, that if the specified benefits are not offered to all employees, and no plan is adopted, Company shall increase compensation paid to Employee under Paragraph 4A to pay the cost of said benefits, net of taxes.

*Id*. It is undisputed that MetaXpert did not provide insurance to Mr. Richey during at least June 2009. ECF No. 190, at 6. Though clause 5 of the agreement is facially ambiguous, the court finds that evidence must establish whether any other MetaXpert employees were provided health insurance benefits during the period that Mr. Richey was not provided health insurance benefits; that fact is not clearly shown by the record. Further the record does not clearly show the extent of the time period Mr. Richey did not receive benefits. Issues of material fact remain regarding the extent of time Mr. Richey was not provided or compensated for health insurance benefits and whether other employees were payed benefits during that relevant time period. Based on the

PARTIAL SUMMARY JUDGMENT ORDER ~ 7

current state of the record, this issue cannot be resolved on summary judgment.

*D. Severance*

There remains a genuine issue of material fact with regard to whether severance pay is owed. The employment contract between Luke Richey and MetaXpert provided that Mr. Richey would be entitled to three months salary and benefits if he were terminated during his first two years of employment. ECF No. 1, at 18-19. Defendants allege that Mr. Richey was given thirty days notice of termination on October 26th, and that his actual date of termination was November 25th, more than two years after he began. This court has preliminarily found that the employment contract does not require 30 days notice, and that the record suggests termination occurred during October, 2009. ECF No. 66, at 72; ECF No. 53, at 3. Nevertheless, when the termination actually occurred remains a genuine issue of material fact on which reasonable minds could differ, and the court cannot rule as a matter of law that the severance pay is due.

*E. Attorney's Fees*

Where an employee is successful in a claim for unpaid wages, the court must order recovery of reasonable attorney's fees against the employer unless the employer admits to owing an equal or greater amount in wages. RCW 49.48.030. Washington courts have interpreted RCW 49.48.030 broadly, allowing recovery of attorney fees for any compensation due from employment. *Bates v. City of Richland,* 112 Wash.App. 919, 939, 51 P.3d 816 (2002); *see also Int'l Ass'n of Fire Fighters*, *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*,

PARTIAL SUMMARY JUDGMENT ORDER ~ 8

146 Wash.2d 29, 35, 42 P.3d 1265 (2002)("wages or salary owed" under RCW 49.48.030 includes back pay, front pay, sick leave, and commission).  Attorney fees are recoverable even where there is a bona fide dispute between an employee and employer. *Peninsula School Dist. No. 401 v. Pubic School Employees of Penisula*, 130 Wash.2d 401, 924 P.2d 13 (1996).

Attorney's fees are required in this case. Defendants admit to owing Plaintiffs as much as $56,534.70, but do not necessarily admit that full amount and do not admit the owed money is unpaid wages, characterizing it instead as a loan. ECF No. 190, at 15. Defendants' further dispute that any money was due to Mr. Richey in the pay period immediately following his termination. There may be legitimate disputes regarding whether other money is owed to Mr. Richey, but there is no issue of material fact regarding the $56,534.70 in unpaid wages and defendants do not admit to owing unpaid wages. Attorney's fees must, therefore, be granted.

*F. Exemplary Damages*

An employer or agent of an employer who violates provisions (1) or (2) of RCW 49.52.050 is liable to the employee for twice the amount of unpaid wages, along with costs of the suit and reasonable attorney's fees, unless the employee knowingly and voluntarily submitted to the violations. RCW 49.52.070 (2011). Under RCW 49.52.050 (2), an employer who "[w]illfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

PARTIAL SUMMARY JUDGMENT ORDER ~ 9

The key issue in determining whether double damages are required under RCW 49.52.070 is whether an employer acted "willfully" in failing to pay wages. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 159, 961 P.2d 371 (1998). Non-payment of wages is willful if it is the result of knowing and intentional action. *Ebling v. Gove's Cove, Inc.*. 34 Wn. App. 495, 500, 663 P.2d 132 (1983). Withholding wages is not "willful" if a bona fide dispute exists between the employer and employee regarding obligation of payment. *Lillig v. Becton-Dickinson*, 105 Wash.2d 653, 659, 717 P.2d 1371 (1986). A dispute is "bona fide" if it is "fairly debatable" whether all or a portion of wages must be payed. *Schilling*, 136 Wn.2d at 161. Willfulness, including whether a bona fide dispute exists, is ordinarily a question of fact, but may be resolved on summary judgment if there is no genuine issue of material fact on which reasonable minds could differ. *Id.* at 160.

In the instant case, evidence has been presented which may suggest that Mr. Manning or MetaXpert acted willfully in failing to pay Mr. Richey. There is evidence that during the same period of time that MetaXpert did not pay Mr. Richey the wages he was owed, Mr. Manning paid himself salary and/or draws. There is also evidence Mr. Manning paid himself commissions on projects that he had not generated. Further, there is evidence that Mr. Manning paid many of his personal bills through the business, such as expenses for travel and dining out. It is also alleged that because Mr. Manning took most of the profit for himself, MetaXpert could not pay its employees and was slow in paying creditors. Finally, it is also alleged that Mr. Manning reduced

PARTIAL SUMMARY JUDGMENT ORDER ~ 10

employees' salaries across the board, but did not take a cut in his own salary.   ECF No. 173, at 4.

Despite this evidence, there remain genuine issues of material fact regarding whether Mr. Manning or MetaXpert acted willfully and this issue cannot be resolved on summary judgment. MetaXpert was obligated to pay Mr. Richey all wages owed to him under contract and was obligated to pay all unpaid wages immediately following his termination. It is fairly disputed, however, whether the initial decision to withhold pay was made by Mr. Manning or Mr. Richey and whether Mr. Richey voluntarily agreed to have wages withheld. Further, reasonable minds could differ on whether there was a bona fide dispute between Mr. Richey and Defendants regarding the amount due him at the time of his termination.

H. *Can Defendant's Counterclaims set-off any recovery by Plaintiff?*

Washington courts have considered interpretation of the FLSA by federal courts in evaluating minimum wage and overtime claims under Washington's Minimum Wage Act (MWA). *Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wn.2d 291, 298, 996 P.2d 582 (2000).  The MWA is similar, but not identical, to the FLSA. "Because the MWA is based upon the FLSA, federal authority under the FLSA often provides helpful guidance. However, the MWA and FLSA are not identical and [Washington courts] are not bound by such authority." *Id.* (*citing Chelan County Deputy Sheriffs' ass'n v. County of Chelan*, 109 Wn.2d 282,291, 745 P.2d 1 (1987)).

Unlike the MWA there is no federal corollary to RCW 49.48.010, yet Plaintiffs suggest that the court should consider interpretation of

PARTIAL SUMMARY JUDGMENT ORDER ~ 11

the FLSA's minimum wage and overtime provisions as guidance relevant in this case. Federal courts have held that set-offs against wages due under the minimum wage and overtime provisions of the Fair Labor Standards Act for the value of goods furnished by an employer to an employee, "including gas and supplies from the company store" are not permissible if they cause the worker's compensation to fall below the minimum required by the act. *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Federal courts have also held that overtime wages owed under the FLSA cannot be offset by a severance agreement, but may be offset by pre-payment of wages. *Martin v. PesiAmericas, Inc.*, 628 F.3d 738 (5th Cir.2010) (Plaintiff allegedly breached severance agreement by bringing suit for unpaid overtime, value of severance agreement could not be used to set-off unpaid overtime wages).

Decisions which interpret the FLSA's minimum wage and overtime provisions are not informative or relevant in the instant case. RCW 49.48.010 protects an employee's rights to receive any pay owed following termination and not to have pay improperly withheld, whereas the MWA and FLSA protect an employee's right to statutorily defined minimum wages. These protections are fundamentally different. Minimum wage laws and overtime laws are designed to protect the fundamental right to earn a living and to be compensated at a minimum level. RCW 49.38.010, by contrast, merely protects an employee's right to timely payment of compensation that is already contractually owed. The policy basis for protecting a plaintiff who may have been denied minimum wage by an employer from claims by the employer, that in-fact the plaintiff

PARTIAL SUMMARY JUDGMENT ORDER ~ 12

owes the employer money, does not readily translate to support protection of an employee who is compensated well above the minimum wage level from counterclaims in what is essentially a contractual dispute with a former employer.

Washington's scheme of comprehensive wage and hour laws suggest that the legislature strongly favors payment of wages due to employees. *Shilling v. Radio Holdings, Inc.*, 136 Wash.2d 152, 157, 961 P.2d 371 (1998). This policy, however, does not suggest that an employer should be denied a remedy for legitimate contract or tort claims against an employee, at least outside of narrow exceptions in minimum wage and overtime violation cases.

As RCW 49.48.010 makes clear, an employer cannot withhold an employee's wages except in three distinct circumstances:

> It shall be unlawful for any employer to withhold or divert any portion of an employee's wages unless the deduction is:
> (1) Required by state or federal law; or
> (2) Specifically agreed upon orally or in writing by the employee and employer; or
> (3) For medical, surgical or hospital care or service . . . .

RCW 49.48.010 (2011). An employer may not, therefore, withhold an employee's wages for the purpose of recovering a debt allegedly owed by the employee without that employees agreement. Instead, the remedy available for an employer to collect a debt owed by an employee is the right to sue. *Cameron v. Neon Sky, Inc.*, 41 Wash.App. 219, 223, 703 P.2d 315 (Div. 1, 1985).

Defendants properly asserted claims against Plaintiffs as counterclaims in the present action. Though there may have been a

PARTIAL SUMMARY JUDGMENT ORDER ~ 13

violation of RCW 49.48.010, the purpose of withholding wages was not to pay any debt allegedly owed by Plaintiffs and now associated with Defendants' counterclaims. Wages were withheld because of MetaXpert's alleged cash flow problems. Allowing Defendants counterclaims to offset wages owed to Plaintiff Luke Richey does not retroactively allow wages to be withheld for an unlawful purpose, it simply allows Defendants the opportunity to raise a claim at the appropriate time. To deny Defendants the opportunity to raise claims against Plaintiffs could deny them any remedy for legitimate injury. Alternatively, requiring Defendants to bring such claims in a separate suit would be an unnecessary burden on all parties and a waste of court resources.

Except in narrow circumstances where an employee claims a violation of minimum wage or overtime laws, an employers right to counterclaim should not be limited. Interpretation of the FLSA by federal courts is not relevant to the present controversy because Plaintiffs' claims are not based on violations of minimum wage or overtime laws. The justification for shielding Plaintiffs from some counterclaims in minimum wage and overtime cases, protecting the right to earn a living and receive a minimum level of compensation, does not logically extend to a case involving wages owed at termination or unlawfully withheld wages where the employee plaintiff was compensated well above the minimum level. Allowing Defendants to assert counterclaims against Plaintiffs' claims does not violate either the express language or intent of

PARTIAL SUMMARY JUDGMENT ORDER ~ 14

RCW 49.48.010. Defendants' counterclaims, if proven, should be allowed to off-set money owed to Plaintiff Richey.

**IV. CONCLUSION**

The court concludes that Plaintiff Richey is entitled to judgment as a matter of law on the issue of unpaid wages in the amount of $56,534.70. The court further concludes that Defendants can demonstrate a genuine factual issue as to: 1) severance, 2) health insurance benefits, and 3) exemplary damages under RCW 49.52.070. Because the court finds no binding precedent to preclude Defendants' counterclaims, if successful, from being set-off against any amount recovered for unpaid wages, judgment will be held in abeyance until such time as the counterclaims and existing questions of fact are decided. Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Partial Summary Judgment, **ECF No. 172**, is **GRANTED in part** and **DENIED in part**. Unpaid wages in the amount of $56,534.70 are found to be due and owing. Reasonable attorney's fees relating to claims for wages owed under RCW 49.48.010 are awarded, however, the amount is yet to be determined.

2. Plaintiffs shall submit a declaration indicating and explaining the attorneys' fees relating to claims for wages owed under RCW 49.48.010 on or before August 5, 2011, which declaration shall include all attorney and legal assistant time spent, method

used in calculating fees, hourly rates and dates of service.  If they so elect, Defendants shall file any response to said declaration on or before August 26, 2011.

**IT IS SO ORDERED.** The District court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of July, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge