UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUKE RICHEY and JENNIFER RICHEY, | NO.  CV-10-0020-LRS |
| Plaintiffs, | **ORDER GRANTING MOTION FOR RECONSIDERATION** |
| vs. | |
| METAXPERT, LLC; PLAYXPERT, LLC; and CHARLES MANNING and KIMBERLY MANNING, | |
| Defendants. | |
| METAXPERT, LLC; and PLAYXPERT, LLC, | |
| Counterclaimants, | |
| vs. | |
| AARON LUKE RICHEY and JENNIFER RICHEY; and GRAVITY JACK, INC., | |
| Counterdefendants. | |

BEFORE THE COURT, is Counterclaimants' Motion for Reconsideration Re: Order Re Motion to Quash, ECF No. 393, filed on July 28, 2011 and noted without oral argument on September 23, 2011.

On July 18, 2011, the Court entered an Order (ECF No. 382) quashing eleven investor Subpoenas issued by MetaXpert.  MetaXpert now requests

ORDER - 1

the Court to reconsider its ruling because: 1) they have discovered new information concerning communication(s) between plaintiffs and its investors relevant to the claims, and 2)although they could theoretically obtain the information from plaintiffs, they claim that plaintiffs refuse to provide it. Also, MetaXpert points out that the Court made a mistake as to Anthony LaMonica, for whom there was no pending motion for the Court to quash his subpoena; Mr. LaMonica was a Gravity Jack customer who received a customer subpoena; and Mr. LaMonica never objected to his subpoena.

All the represented investors continue to object to the issuance of the subpoenas. Investors Mark Barnes, Myron Bloom, M.D., Deborah Bloom, Jeff Bosma, Caleb Clutter, David Fowler, Gale and Lucy Fowler, Rolf and Erika Goetzinger, Lisa Henry, Kevin and Patti Kahl (collectively called "Investors"), who are separately represented, argue that if there is a dispute between plaintiffs and MetaXpert regarding production of documents, then that should be decided by the Court on appropriate motion and should not involve the investors. Investors assert that they are friends and family members of the plaintiffs and should not be burdened with the intrusion sought by Counterclaimants.

Further, it is argued, that each investor's investment amount has no bearing on Counterclaimants' damages claim. The $250,000 offering is simply startup capital for a new business. Finally, the Investors conclude, this is merely a discovery issue and dispute between these two parties and Counterclaimants should instead move to compel and request that the Court fashion a remedy, if, the information is somehow relevant.

ORDER - 2

Motions for reconsideration serve a limited function. Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e). The major grounds for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration is not appropriately brought to present arguments already considered by the Court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).

Counterclaimants do not argue that there has been a change of controlling law, but assert that newly discovered evidence, which the court did not have the benefit of, is available. Specifically Counterclaimants indicate that the newly discovered information is relevant to their counterclaims in this case. Counterclaimants concede that "[i]n theory, MetaXpert has more convenient and less burdensome sources to obtain the information it seeks from the investors: Gravity Jack and Luke Richey." (ECF No. 394, at 9). However, this information has not been provided through any party or source thus far. Counterclaimants also concede the scope of the subpoenaed confidential and private information exceeds what was necessary.[1] The Court finds

---

[1]"Upon further reflection, MetaXpert is willing to compromise its request for specific financial details. If Gravity Jack or Richey had contacted MetaXpert after receiving the subpoenas, MetaXpert would have agreed to narrow the subpoenas to make it clear that bank statements and copies of personal checks or other specific financial information was not necessary, other than that MetaXpert is looking to confirm who is and who is not an investor, in what amount, because Gravity Jack refuses to disclose that information." ECF No. 362, at 25.

ORDER – 3

that Counterclaimants have made a showing of need and relevancy.

As to the Anthony LaMonica subpoena, it appears that the Court was mistaken in quashing what appears to be unopposed subpoena to a Gravity Jack customer rather than an investor.

The Court having considered the written argument of counsel, enters this Order.  Accordingly,

**IT IS ORDERED** that:

1. Defendants/Counterclaimants' Motion For Reconsideration, **ECF No. 393**, is **GRANTED, in part**.

2.  The Investor Subpoenas shall be deemed amended to exclude paragraphs II.3 and II.4, and the Investors shall respond thereto within fourteen (14) calendar days from the date hereof.

3.  Inasmuch as it was not the subject of a motion to quash, the subpoena served on non-Investor Anthony LaMonica shall be responded to by him within fourteen (14) days of the date hereof.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies counsel.

**DATED** this 6th day of October, 2011

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4