1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7  LUKE RICHEY and JENNIFER
   RICHEY,                                    NO:  10-CV-0020-TOR
8
              Plaintiffs,                      ORDER OF DISMISSAL WITH
9                                              PREJUDICE
          v.
10
   METAXPERT, LLC, PLAYXPERT,
11 LLC, CHARLES MANNING and
   KIMBERLY MANNING,
12
              Defendants.
13

14 METAXPERT, LLC and
   PLAYXPERT, LLC,
15
              Counterclaimants,
16
          v.
17
   LUKE RICHEY, JENNIFER
18 RICHEY, and GRAVITY JACK, INC.,
19            Third-Party Defendants.

20

ORDER OF DISMISSAL ~ 1

1    BEFORE THE COURT is the parties' Stipulation for Dismissal (ECF No.

2    693).  Pursuant to the parties' stipulation, the Court will dismiss this case with

3    prejudice and without costs or attorney's fees to any party.  Fed. R. Civ. P.

4    41(a)(1)(A)(ii).

5    However, the Court will decline the parties' request to exercise continuing

6    jurisdiction over this case for the purpose of enforcing the terms of the settlement

7    agreement.  Although federal district courts are authorized to retain jurisdiction

8    over dismissed cases for the purpose of enforcing settlement agreements, the

9    decision to retain jurisdiction in a particular case is committed to the court's sound

10   discretion.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82

11   (1994); *see also Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993) ("A federal

12   court may refuse to exercise continuing jurisdiction even though the parties have

13   agreed to it."); *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996)

14   ("[T]he mere fact that the parties agree that the court should exercise continuing

15   jurisdiction is not binding on the court.").

16   In this case, the parties' claims arising under state law substantially

17   predominate over their claims arising under federal law.[1]  Accordingly, the Court

---

[1] The only federal causes of action in this case are Plaintiffs' claim for violations of

the Computer Fraud and Abuse Act and Defendants' counterclaims for violations

of the Lanham Act, Computer Fraud and Abuse Act, and Stored Communications

ORDER OF DISMISSAL ~ 2

finds that any action to enforce the terms of the settlement agreement, which would merely be an allegation of breach of contract, would be better suited for resolution in the state courts, rather than this Court attempting to stretch the limits of its ancillary jurisdiction.

As the Supreme Court observed in *Kokkonen*, 511 U.S. at 382, this of course, does not preclude the parties from filing a subsequent enforcement action in federal court if independent subject matter jurisdiction is established under 28 U.S.C. §§ 1331 or 1332.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Pursuant to the parties' Stipulation for Dismissal (ECF No. 693), all claims and causes of action in this matter, including counterclaims and third-party claims, are **DISMISSED** with prejudice and without costs or fees to any party.

2. All pending motions are **DENIED** as moot.

///

///

///

---

Act. *See* ECF Nos. 1, 2.  These claims are ancillary to the parties' state law claims for breach of contract, unpaid salary and wages, breach of fiduciary duty, breach of duty of confidentiality, tortious interference, and conversion.

ORDER OF DISMISSAL ~ 3

1      3.  The Court declines to exercise continuing jurisdiction over this case.

2      The District Court Executive is hereby directed to enter this Order, furnish

3  copies to counsel, and **CLOSE** the file.

4      **DATED** this 4th day of January, 2013.

5                    *s/ Thomas O. Rice*

6                  THOMAS O. RICE
                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER OF DISMISSAL ~ 4